# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TINTRI, INC.,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No. 18-11625 (KJC)<br><br>Adversary No. _____ |
| TINTRI, INC.,<br><br>                Plaintiff,<br><br>vs.<br><br>ABACUS SOLUTIONS, LLC<br>AND NEVERFAIL, INC.,<br><br>                Defendants. | |

## COMPLAINT FOR BREACH OF WRITTEN CONTRACT AND TURNOVER

The above-captioned debtor and debtor in possession (the "Debtor" or "Plaintiff") for its Complaint for Breach of Written Contract and Turnover, alleges as follows:

## I.

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 6978. The Debtor's service address is: 303 Ravendale Drive, Mountain View, CA 94043.

District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory basis for the relief sought herein are sections 105 and 542 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.

## PARTIES

4.  Plaintiff is the Debtor in the above encaptioned bankruptcy case.

5.  Plaintiff is informed and believes that defendant Neverfail, Inc. ("Defendant Neverfail") is an entity with its principal place of business at 11612 Bee Cave Road, Suite 125, Austin, TX 78738. At all times pertinent hereto Defendant Neverfail was a customer of the Debtor's products, as more fully set forth below.

6.  Plaintiff is informed and believes that defendant Abacus Solutions, LLC ("Defendant Abacus" and, together with Defendant Neverfail, the "Defendants") is an entity with its principal place of business at 11612 Bee Cave Road, Suite 125, Austin, TX 78738. At all times pertinent hereto Defendant Abacus was a reseller of the Debtor's products, as more fully set forth below.

7.  Plaintiff is informed and believes that Defendants are affiliates and alter egos of each other, share the same physical location, and share the same Chief Executive Officer, Brian Hierholzer.

## III.

## BACKGROUND

8. On July 10, 2018 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

9. On July 20, 2018, pursuant to section 1102(a)(1) of the Bankruptcy Code, the United States Trustee appointed the following members to the Official Committee of Unsecured Creditors: (a) Flextronics International USA, Inc., (b) Clari, Inc., and (c) NCR Corporation.

10. The Debtor is an enterprise cloud storage company founded in 2008 with the initial objective to solve the mismatch caused by using old, conventional physical storage systems with applications in virtual machine (VM) environments. The Debtor created storage products that are optimized for virtualization and cloud computing platforms, and expanded its focus to also address the cloud needs of enterprise customers. Debtor's customers ("End Users") include leading enterprises across a broad range of industry segments, including education, financial services and insurance, healthcare, manufacturing and automotive technology, as well as cloud service providers.

11. The Debtor's revenues are generated from the sales of products and related support and maintenance offerings. Product revenue, which is generally recognized upon shipment, is derived from sales of all-flash and hybrid storage systems and stand-alone software licenses for use in connection with the Debtor's systems. While purchasing support is not

mandatory, substantially all products are purchased together with a support contract, which includes software patches, bug fixes, updates, upgrades, hardware repair, replacement parts, and technical support. Support and maintenance revenue is recognized over the term of the support contracts.

12. As pertinent herein, the End Users generally purchase the Debtor's hardware, software, and related support services through the Debtor's network of distributors and resellers, who are authorized by the Debtor to purchase and resell and/or license the Debtor's products and support services to the End Users pursuant to the terms of written distributor and/or reseller agreements between the Debtor and reseller.

13. In general, an End User purchases the Debtor's products from a reseller and pays the reseller. The reseller then orders the product from the Debtor at a pre-established discount rate and the Debtor either ships the products to the reseller or, if requested, directly to the End User.

## IV.

## FIRST CLAIM FOR RELIEF

### Breach of Written Contract

14. Plaintiff refers to and incorporates herein by reference each and every allegation contained in the preceding paragraph as though fully set forth herein.

15. On or about January 31, 2018, Plaintiff and Defendant Neverfail entered into a written *Enterprise Support Agreement* (as amended and supplemented from time to time, the "Support Agreement") whereby Defendant agreed to pay the Debtor for all products, including software and support services sold by the Debtor to Defendant pursuant to the terms of

the Support Agreement. A true and correct copy of the Support Agreement is attached hereto as Exhibit A and incorporated herein by reference.

16.  On or about December 19, 2017, Plaintiff and Defendant Abacus entered into a written *Direct Reseller Agreement* (as amended and supplemented from time to time, the "Reseller Agreement" and, together with the Support Agreement, the "Agreements") whereby Defendant agreed to pay the Debtor for all products, including hardware, software, and support services products sold by the Debtor to Defendant Abacus for resale to End Users pursuant to the terms of the Reseller Agreement. A true and correct copy of the Reseller Agreement is attached hereto as Exhibit B and incorporated herein by reference.

17.  As provided in the Agreements, the Debtor invoiced Defendants the agreed-to amount owed by Defendants for the products sold and delivered to Defendants by the Debtor, as to which Defendant agreed to pay the invoiced amount.

18.  Despite its obligation to do so, Defendants have failed and refused to pay invoices issued to them by the Debtor totaling $677,864.73 (the "Unpaid Invoices"). A list of the Unpaid Invoices is attached hereto as Exhibit C and incorporated herein by reference. True and correct copies of the Unpaid Invoices are attached hereto as Exhibit D.

19.  Demand for payment of the Unpaid Invoices was made before, on, and after September 14, 2018, but Defendants have failed and refused, and continue to fail and refuse, to pay the Unpaid Invoices, which failures constitute material breaches of the Agreements.

20.  Plaintiff has performed all terms and conditions required of it to be performed under the terms of the Agreements.

21. By reason of Defendants' breach of the Agreements and invoices issued thereunder, Plaintiff has been damaged in the sum of $677,864.73, plus interest thereon at the legal rate from and after at least January 31, 2018.

V.

## SECOND CLAIM FOR RELIEF

### For Turnover Pursuant to 11 U.S.C. § 542

22. Plaintiff refers to and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

23. Pursuant to section 541 of the Bankruptcy Code, the amounts owed by Defendants to the Plaintiff under the terms of the Agreements and invoices issued thereunder constitute property of the Debtor's estate.

24. Section 542 of the Bankruptcy Code requires that any entity in possession, custody, or control of property that the Debtor may use, sell, or lease under section 363 of the Bankruptcy Code shall deliver such property or the value of same to the Debtor.

25. Pursuant to section 542(b) of the Bankruptcy Code, an entity that owes a matured debt that is property of the bankruptcy estate shall pay such debt to the Debtor.

26. On or about September 14, 2018, and prior and subsequent thereto, the Plaintiff made demand on Defendant to immediately turn over the amounts owed to it under the terms of the Agreements and invoices issued thereunder.

27. Despite such demand therefore, Defendants have failed and refused, and continue to fail and refuse, to turn over the sums owed to the Debtor.

28. Plaintiff is entitled to an order directing Defendants to immediately pay the amounts owing to the Debtor, plus interest at the legal rate from the date of demand for same.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**On the First Claim for Relief:**

1. For entry of judgment in the amount of $677,864.73, plus interest thereon at the legal rate from and after at least January 31, 2018; and

2. For such other and further relief as the Court deems just and proper.

**On the Second Claim for Relief:**

1. For an order directing Defendants to turn over to the Debtor the sum of $677,864.73, plus interest thereon at the legal rate from and after at least January 31, 2018; and

2. For such other and further relief as the Court deems just and proper.

*[Remainder of page intentionally left blank]*

Dated: September 18, 2018					PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
John D. Fiero (CA Bar No. 136557)
John W. Lucas (CA Bar No. 271038)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 91899
Tel: (302) 652-4100
Fax: (302) 652-4400
E-mail: jfiero@pszjlaw.com
       jlucas@pszjlaw.com
       crobinson@pszjlaw.com

*Counsel for Debtor and Debtor in Possession*